## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **IN RE:** | § | **Chapter 11** |
| | § | |
| **TMT USA SHIPMANAGEMENT LLC,** | § | **Case No. 13-33740** |
| ***et al.,***[1] | § | |
| | § | |
| **DEBTORS.** | § | **(Joint Administration Requested)** |

| | | |
|---|---|---|
| **C WHALE CORP.,** | § | |
| **E WHALE CORPORATION,** | § | |
| **F ELEPHANT CORPORATION,** | § | |
| **F ELEPHANT INC.,** | § | |
| **B HANDY CORPORATION,** | § | |
| **C HANDY CORPORATION,** | § | |
| **C LADYBUG CORPORATION, AND** | § | |
| **A DUCKLING CORPORATION** | § | |
| | § | |
| **Plaintiffs,** | § | |
| **v.** | § | **Adversary No. 13-3141** |
| | § | |
| **ACTIVE TANKERS SHIPMANAGEMENT** | § | |
| **S.A.; ALSTOM, INC.; BHP BILLITON** | § | |
| **MARKETING A.G.; CATHAY UNITED** | § | |
| **BANK; CHANG HWA BANK, LTD.; HUA** | § | |
| **NAN COMMERCIAL BANK, LTD.; KPI** | § | |
| **BRIDGE OIL LIMITED; MEGA** | § | |
| **INTERNATIONAL COMMERCIAL** | § | |
| **BANK CO., LTD.; SHANGHAI** | § | |
| **COMMERCIAL & SAVINGS BANK; SDV** | § | |
| **GEIS GMBH; XIAMEN HAILONG** | § | |
| **MANNING SERVICE CO., LTD.;** | § | |
| **ZHEJIANG EASTERN SHIPYARD CO.,** | § | |
| **LTD.** | § | |
| **Defendants.** | § | |

## BHP BILLITON MARKETING A.G.'S LIMITED RESPONSE TO
## AMENDED COMPLAINT TO COMPEL TURNOVER AND FOR
## TEMPORARY AND PERMANENT INJUNCTIVE RELIEF

---

[1] The Debtors in these chapter 11 cases are: (1) A Whale Corporation, (2) B Whale Corporation, (3) C Whale Corporation, (4) D Whale Corporation, (5) E Whale Corporation, (6) G Whale Corporation, (7) H Whale Corporation, (8) A Duckling Corporation, (9) F Elephant Corporation, (10) F Elephant Inc., (11) A Ladybug Corporation, (12) C Ladybug Corporation, (13) D Ladybug Corporation, (14) A Handy Corporation, (15) B Handy Corporation, (16) C Handy Corporation, (17) B Max Corporation, (18) New Flagship Investment Co., Ltd, (19) RoRo Line Corporation, (20) Ugly Duckling Holding Corporation, (21) Great Elephant Corporation, (22) TMT Procurement Corporation, and (23) TMT USA Shipmanagement LLC.

Without waiving its right to seek dismissal of this adversary proceeding pursuant to Rule 12(b)(2) (lack of personal jurisdiction), Rule 12(b)(3) (improper venue), Rule 12(b)(4) (insufficient process), and Rule 12(b)(5) (insufficient service of process) of the Federal Rules of Civil Procedure (the "**Federal Rules**"), BHP Billiton Marketing A.G. ("**BMAG**") submits this Limited Response to the Amended Complaint to Compel Turnover and for Temporary and Permanent Injunctive Relief (Adv. Proc. ECF No. 6) (the "**Amended Complaint**") filed by C Whale Corporation, E Whale Corporation, F Elephant Inc., F Elephant Corporation ("**FEC**"), B Handy Corporation, C Handy Corporation, C Ladybug Corporation, and A Duckling Corporation (together, the "**Plaintiffs**"), and respectfully represents as follows:

## Preliminary Statement

1.      FEC asks this Court to take the extraordinary step of issuing a temporary restraining order against BMAG without any verified facts for this Court to even reasonably infer a colorable claim.  While the Amended Complaint is replete with a parade of horribles, no facts are alleged that warrant granting any injunctive relief.  On information and belief, FEC conveniently fails to acknowledge that (i) FEC abandoned and specifically requested that a Chinese court conduct a sale of the F Elephant vessel (the "**F Elephant**"), which occurred on June 18, 2013, (ii) the Debtors attempted to manufacture U.S. jurisdiction over these chapter 11 cases and venue in this District by forming TMT US Shipmanagement LLC ("**TMT US**") less than two weeks before the Commencement Date (as defined herein),[2] (iii) the remaining Debtors

---

[2] The First Day Affidavit of Lisa Donahue in Support of Debtors' Voluntary Petitions Under Chapter 11 of Title 11 of the United States Code and First Day Motions (the "**Donahue Affidavit**") (Main Case ECF No. 15) states that TMT US serves as the Debtors' global headquarters to develop and implement promotion and marketing of the TMT Group in the United States.  Donahue Affidavit at ¶8.  It is highly questionable whether TMT US has engaged in any business in the United States in light of the timing of TMT US's formation, and the fact that one week after its formation, TMT US's controlling members authorized it to file a bankruptcy case and to serve as the only entity with potential jurisdiction in the United States—thereby permitting the remaining Debtors to attempt to file bankruptcy cases in this District as affiliates.  *See* Main Case ECF No. 1 (TMT US Voluntary Petition).

and their affiliates, the Debtors' 30 largest unsecured creditors, and the Debtors' secured lenders are all foreign entities, (iv) the majority, if not all, of the Debtors' cash is held in bank accounts outside the United States, and (v) each of the Debtors' vessels operate under foreign flags and are owned by companies registered overseas.

      2.      This Court has ample reasons to deny the injunctive relief requested by FEC and to dismiss these chapter 11 cases *sua sponte*.  First, the Debtors' chapter 11 cases are not properly before this Court and should be dismissed, or at a minimum suspended, in accordance with sections 305 and 1112 of title 11, United States Code (the "**Bankruptcy Code**").[3]  More appropriate forums than the United States, with meaningful contacts to the Debtors, their assets, and their creditors, clearly exist.  Second, to the extent this Court determines that these chapter 11 cases should not be dismissed or suspended at this time, FEC's request for a temporary restraining order against BMAG must be denied because it is procedurally defective and fails to satisfy basic requirements under Rule 7065 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").   Third, FEC cannot prove that a temporary restraining order is warranted against BMAG.  Indeed, there is no basis to presume that FEC has a substantial likelihood of success on the merits on its turnover claims or that it will suffer immediate and irreparable injury.  For example, FEC has yet to establish whether (i) the F Elephant constitutes property of FEC's estate, (ii) BMAG currently has possession of the F Elephant, or (iii) BMAG has any ability to unwind a June 18, 2013 sale of the F Elephant. Furthermore, issuing an injunction in a case where jurisdiction has been manufactured and where no material assets or creditors are in the United States cannot serve any meaningful public

---

[3]  To the extent necessary, BMAG will file a more substantive pleading in support of its request for this Court to dismiss these chapter 11 cases.

interest.  Accordingly, the Court should dismiss the Amended Complaint and all relief requested therein against BMAG with prejudice.

**Background**

3.     Between September 2007 and March 2008, BMAG and non-Debtor TMT Asia Limited ("**TMTA**") were parties to various forward freight agreements (each an "**FFA**" and together the "**FFAs**").[4]  In June 2008, BMAG and TMTA agreed to close out their respective positions under existing FFAs and entered into a certain Main Terms Agreement.  Pursuant to the Main Terms Agreement, TMTA agreed to pay BMAG approximately US $211 million in 33 equal installments beginning on July 1, 2008, with interest accruing at a rate of LIBOR plus 2% per annum.  The Main Terms Agreement also required TMTA to provide additional security in the form of a first priority mortgage over an unencumbered vessel.

4.     BMAG, TMTA, and FEC subsequently entered into a certain Supplementary Settlement Agreement (the "**SSA**"), pursuant to which the parties agreed that (i) TMTA would pay BMAG US $202 million in 33 equal installments, with the first payment due at the end of July 2008, (ii) subject to a mortgage being perfected over the F Elephant by July 2, 2008, all FFAs would be terminated and the parties' respective rights would be governed by the terms of the SSA, and (iii) if TMTA defaulted on its payment obligations under the SSA, the US $212 million due under the Main Terms Agreement, together with accrued interest, would become due and payable to BMAG immediately.

5.     BMAG and FEC also entered into a certain Deed of Guarantee and Indemnity (the "**Guarantee**"), pursuant to which FEC irrevocably and unconditionally

---

[4]  An FFA is a financial forward contract that allows parties, such as ship owners and charterers, to hedge against the volatility of freight rates.  Specifically, it affords a contract owner the right to buy and sell the price of freight for future dates.  FFAs are traded over the counter on a principal-to-principal basis or may be cleared through a clearing house.

guaranteed the obligations of TMTA under the SSA up to a maximum principal amount of US $90 million and also agreed to indemnify BMAG in full and on demand against all damages, losses, costs, and expenses suffered or incurred by BMAG arising out of, or in connection with, any failure of TMTA to perform or discharge its obligations under the SSA.  FEC also executed and delivered to BMAG a First Preferred Mortgage (the "**Mortgage**") over the F Elephant to secure its obligations under the Guarantee.  Article 13.3 of the Mortgage provides that "*the Mortgagee may apply for enforcement of this Mortgage Contract before the court where MV "F ELEPHANT" is discovered, or a Liberian court with competent jurisdiction, or any other court which is selected by the mortgagee . . . .*"

6.      In January 2012, BMAG notified TMTA in writing that (i) TMTA had defaulted under the SSA and (ii) the outstanding balance (approximately US $114.4 million) was immediately due and payable to BMAG.  BMAG also wrote a separate letter demanding that FEC immediately pay US $90 million to BMAG in accordance with the terms of the Guarantee. Due to TMTA and FEC's failure to satisfy their respective payment obligations to BMAG, on May 4, 2012, the F Elephant was arrested in Ningbo, China.  In June 2012, BMAG commenced proceedings before the Ningbo Maritime Court (the "**NMC**") to establish its rights, as mortgagee, to the proceeds of a sale of the F Elephant.  The NMC accepted jurisdiction over BMAG's claim and commenced substantive proceedings over the Mortgage (the "**Chinese Mortgage Proceedings**").  In August 2012, FEC challenged the NMC's jurisdiction in the Chinese Mortgage Proceedings, which was dismissed by the NMC in September 2012.

7.      In June 2012, BMAG commenced proceedings in the English High Court against FEC under the Guarantee and against TMTA under the SSA.  In August 2012, BMAG

submitted an application for judgment in default and, alternatively, summary judgment against TMTA and FEC.

8.     On information and belief, in October 2012, FEC filed an appeal to the Zhejiang Higher People's Court concerning the NMC's jurisdiction over the Chinese Mortgage Proceedings.

9.     In November 2012, the English High Court granted BMAG summary judgment against TMTA and FEC.  The English High Court issued an Order requiring that FEC pay BMAG US $90 million together with interest of approximately US $5.4 million.

10.    In February 2013, the English Court of Appeal rejected TMTA and FEC's attempt to appeal the English High Court Order.

11.    On information and belief, in March 2013, FEC informed the NMC that:

- The F Elephant had been under arrest for more than 10 months.  FEC was on the edge of insolvency as the F Elephant could not generate any income during the arrest period.  FEC could not supply any fuel to maintain the F Elephant, neither could it afford any other maintenance fees, including crew wages.

- FEC had been trying to locate an appropriate port, anchorage or shipyard within the Court's jurisdiction to re-berth the F Elephant.   However, it was found that no port, anchorage or shipyard within the Court's jurisdiction had the capacity to accept the F Elephant because its tonnage was too high.  FEC, therefore, could not reduce the relevant daily maintenance fees by re-berthing the F Elephant.

- FEC requested the Court to commence the auction proceedings concerning the F Elephant as soon as possible according to the relevant regulation and laws.  FEC could not afford and would not pay fuel expenditures and other maintenance fees.

*See* Ex. 1.

6

12.    On information and belief, on March 21, 2013, the Zhejiang Higher People's Court rejected FEC's appeal.  On this same date, on further information and belief, FEC abandoned the F Elephant.  Beginning in May 2013, the NMC began scheduling auctions for the sale of the F Elephant.  *See* Ex. 2.  On information and belief, on June 18, 2013, the F Elephant was sold at auction to a third party for approximately US $13.7 million.

13.    On June 20, 2013, the Debtors commenced these chapter 11 cases (the "**Commencement Date**") and Plaintiffs filed an initial Complaint to Compel Turnover and for Temporary and Permanent Injunctive Relief (Adv. Proc. ECF No. 1).  Counsel for FEC also sent a letter to BMAG regarding the commencement of these chapter 11 cases and this adversary proceeding.  *See* Ex. 3.  On June 21, 2013, Plaintiffs filed the Amended Complaint.  Plaintiffs claim to have served BMAG by filing with the registered agent of BHP Billiton Marketing, Inc.  Amended Complaint at ¶14.  The registered agent for BHP Billiton Marketing, Inc., however, does not have authority to receive service of process on behalf of BMAG.

## Argument

### A.    The Adversary Proceeding Must be Dismissed Because the Chapter 11 Cases Are Not Properly Before the Court

14.    The Debtors seek to manufacture the jurisdiction of this Court for the chapter 11 cases and venue in this District.   On information and belief, the Debtors' management created a presence in the United States less than two weeks before the Commencement Date by organizing TMT US as a Texas limited liability company.  *See* Ex. 4.  One week later, TMT US's controlling shareholders authorized commencing a bankruptcy filing in this District.  Perhaps because there are none, the Debtors have failed to provide any detail regarding any business operations or assets held by TMT US in the United States.

15.     Section 305(a) of the Bankruptcy Code provides that a Court may dismiss or suspend a chapter 11 case if "the interests of creditors and the debtor would be better served by such dismissal or suspension." 11 U.S.C. § 305(a)(1).  Suspension or dismissal is warranted under section 305 when the debtor has limited or no contacts with the United States and the reorganization most properly belongs in the jurisdiction of a foreign court.  *See, e.g., In re Texas EMC Mgmt., LLC*, 2013 WL 627844, at * 4 (Bankr. S.D. Tex. 2012).

16.     In addition, section 1112(b) of the Bankruptcy Code provides:

> [O]n request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause…

11 U.S.C. § 1112(b).

17.     In addition to enumerated matters under section 1112(b)(4), Courts in this District also consider the totality of the circumstances of a particular case.  *See In re Yukos Oil*, 321 B.R. 396, 410 (Bankr. S.D. Tex. 2005).  Several facts in the instant case support BMAG's request for dismissal:

- Except for the recently created TMT US, the remaining Debtors and their affiliates are foreign entities;

- The Debtors' vessels operate under foreign flags;

- The SSA, the Guarantee, and the Mortgage are all governed by foreign law and provide for foreign jurisdiction over disputes;

- The Debtors' principal offices and business are outside of the United States;

- On information and belief, the Debtors have few or no employees in the United States;

- The Debtors' 30 largest unsecured creditors are all foreign entities;

- The Debtors' secured lenders are foreign entities;

- On information and belief, the Debtors have no bank accounts in the United States;

- The shareholder who authorized FEC's chapter 11 petition, and owner of the TMT entities, concedes the "Arrested Vessels" are major assets for the "Taiwanese national economic and global business reputation" (*See* Ex. 5);

- There is no information showing how FEC qualifies as an "affiliate" of TMT US (in fact, the Debtors failed to even provide an organizational chart);[5] and

- On information and belief, the F Elephant was sold to a third party prior to the Commencement Date in accordance with applicable foreign law.

Based on the foregoing, this Court should dismiss this case *sua sponte*.   Alternatively, this Court should continue consideration of any relief requested by FEC in the Amended Complaint until it is determined that the underlying chapter 11 cases are properly before the Court.

**B.  FEC Fails to Satisfy Its Burden of Proof for a TRO**

18.    A temporary restraining order is an extraordinary and drastic remedy that should not be granted unless the movant demonstrates: (i) a substantial likelihood of success on the merits, (ii) a substantial threat of irreparable injury without injunctive relief, (iii) that the threatened injury outweighs any harm that will result if the injunction is granted, and (iv) that the injunction will not disserve the public interest.  *See Janvey v. Alguire*, 647 F.3d 585, 595 (5th Cir. 2011); *see also Planned Parenthood of Houston & S.E. Tex. v. Sanchez*, 403 F.3d 324, 329 (5th Cir. 2005) ("A preliminary injunction is an extraordinary remedy and should only be granted if the plaintiffs have clearly carried the burden of persuasion on all four requirements.") (citations and internal quotation marks omitted).

---

[5] FEC's bankruptcy petition alleges two bases for venue.  First, FEC claims that it has been domiciled or has a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the Commencement Date or for a longer part of such 180 days than in any other District.  This cannot be true because FEC is a foreign entity and the F Elephant has been in China since at least May 2012.  Second, FEC claims that there is a bankruptcy case concerning an affiliate, general partner, or partnership pending in this District.  The facts of this case, however, do not support such an allegation.  FEC is owned 100% by Hsin Chi Su, but TMT US is owned by two Panamanian companies.  There is no allegation, much less any evidence, that these entities are affiliates, as such term is defined in section 101(2) of the Bankruptcy Code.

19.     FEC cannot establish a prima facie case on its turnover claims or prove a likelihood of success on the merits.  Indeed, it is unclear under applicable law whether FEC has any ownership interest in the F Elephant, whether BMAG has any possessory interest in the F Elephant, and whether BMAG has the ability to unwind the June 18, 2013 auction sale of the F Elephant to a third party conducted by the NMC.[6]

20.     FEC also fails to establish any violation of the automatic stay.  Indeed, as described above, on information and belief, FEC instructed the NMC to proceed with an auction of the F Elephant and BMAG has not taken any act to exercise control over property of the Debtors' estates.  FEC's attempt to generate a stay violation by mailing a demand letter on the Commencement Date only serves to highlight the baseless allegations in this case.  Based on the foregoing, it is evident that FEC cannot demonstrate a likelihood of success on the merits necessary to obtain the extraordinary relief of a temporary restraining order.

21.     In addition to a likelihood of success on the merits, a party seeking a preliminary injunction must show "substantial threat of irreparable injury if the injunction is not issued."  *Janvey v. Alguire*, 647 F.3d at 595 (citation omitted); *see also Ingebretsen v. Jackson Pub. Sch. Dist.*, 88 F.3d 274, 278 (5th Cir. 1996), cert. denied, 519 U.S. 965 (1996).  It is impossible for FEC to satisfy this element because, inter alia, the F Elephant has not been used in the Debtors' business operations since it was arrested in China in May 2012.  Accordingly, it is questionable whether there are actual charter obligations with respect to the F Elephant. Moreover, FEC's allegations of harm incurred by additional costs for crew wages, etc., ring hollow in light of FEC informing the NMC prepetition that they would not pay fuel expenditures

---

[6] For example, it appears that under applicable Chinese law, an interested party such as BMAG could only attempt to prevent an auction seven days before the scheduled date of such auction.

and other maintenance fees.  Finally, because the F Elephant has already been sold, it is

questionable what, if any, irreparable harm FEC could even suffer.

        22.     The public interest prong also strongly favors denying the relief requested

in the Amended Complaint.  No plaintiff should be permitted to manufacture jurisdiction in the

United States by forming a shell Texas LLC with little or no assets less than two weeks before

the filing of a chapter 11 petition.  On information and belief, FEC has already attempted, and

failed, to prevent an auction of the F Elephant by submitting itself to the jurisdiction of the NMC

and the Zhejiang Higher People's Court in China.  The rulings of these Chinese Courts,

including the auction, must be respected, and FEC should not be allowed multiple bites at the

apple by requesting relief in various venues across the globe.

### C.     FEC's Request for a TRO is Procedurally Defective

        23.     Federal Rule 65(b) sets forth the procedure for obtaining a temporary

restraining order.  It is made applicable to adversary proceedings by Bankruptcy Rule 7065.

Federal Rule 65(b) provides, in relevant part, that a temporary restraining order may only be

granted if (i) specific facts shown by affidavit or a verified complaint clearly show that

immediate and irreparable injury, loss, or damage will result to the applicant before the adverse

party can be heard, and (ii) the applicant's attorney certifies to the court in writing the efforts, if

any, which have been made to give the notice and the reasons supporting the claim that the

notice should not be required.  Fed. R. Civ. P. 65(b).

        24.     The Amended Complaint is not verified and only references the Donahue

Affidavit as a source of additional information regarding the Debtors and the circumstances

leading up to the Commencement Date.  The Donahue Affidavit, however, does not even attempt

to support the allegations in the Amended Complaint.  In fact, the Donahue Affidavit only

references the F Elephant as the oldest vessel in the Debtors' fleet and merely recites the relief

requested in the Amended Complaint.  *See* Donahue Affidavit at 2.  Absent verified facts, this Court must deny FEC's request for a preliminary injunction.

      25.    FEC also failed to properly serve the Amended Complaint on BMAG, which is a company organized under the laws of Switzerland, by serving the registered agent for a BHP Billiton Marketing, Inc., a U.S. company.  The registered agent for BHP Billiton Marketing, Inc. has no authority to receive service on behalf of BMAG.  FEC's efforts to avoid properly serving BMAG violate Federal Rule 12(b)(4) and (5).

### Conclusion

      26.    Accordingly, BMAG respectfully requests that the Court deny FEC's request for injunctive relief and dismiss the Amended Complaint in its entirety.  BMAG further request such other relief to which it is justly entitled.

Dated:   June 24, 2013
        Houston, Texas

*/s/ Alfredo R. Pérez*
Alfredo R. Pérez
Texas Bar No. 15776275
E-mail: alfredo.perez@weil.com
WEIL, GOTSHAL & MANGES LLP
700 Louisiana Street, Suite 1600
Houston, Texas 77002
Telephone: (713) 546-5000
Facsimile:  (713) 224-9511

*Attorneys for BHP Billiton Marketing A.G.*

**<u>Exhibit 1</u>**

### Ningbo Maritime Court of the People's Republic of China

# CIVIL ORDER

(2012)Y.H.F.S.C.Z No.245-1

| | |
|---|---|
| **Claimant** | **:** BHP BILLITON MARKETING AG |
| **Address** | **:** Jochlerweg 2, CH-6340, Baar, Switzerland |
| **Legal Representative** | **:** Sara Christina Schuler |
| **Agents *ad litem*** | **:** Xu Quanzhong, Attorney-at-law of Wintell Law Firm; |
| | Wu Ganjie, Attorney-at-law of Wintell (Ningbo) Law Firm; |

| | |
|---|---|
| **Defendant** | **:** F ELEPHANT CORPORATION |
| **Address** | **:** 80 Broad Street, Monrovia, Liberia |
| **Legal Representative** | **:** Nobu Su, Director |
| **Agents *ad litem*** | **:** Jin Yulai, Attorney-at-law of Kairong Law Firm; |
| | Rao Yi, Attorney-at-law of Kairong Law Firm; |

In respect of the dispute arising from the ship mortgage between the Claimant BHP Billiton Marketing AG and the Defendant F Elephant Corporation, this Court handed down on 4 May 2012 the Civil Order No.(2012)Y.H.F.B.Z No.9, whereby the Ship Arrest Warrant No.(2012)Y.H.F.B.Z No.9 was issued and M/V "F ELEPHANT" flying Liberian flag which was berthed in Ningbo port was arrested. Now the Defendant, being on the verge of insolvency and unable to afford the daily fuel consumption and other maintenance fees for M/V "F ELEPHANT", applied before this Court on 18 March 2013, on the basis that it would abandon the vessel on 20 March 2013, for the auction of the vessel under arrest, with all the proceeds from the auction to be deposited in the designated bank account of Ningbo Maritime Court.

This Court is of the view that M/V "F ELEPHANT" is currently under the management of the Claimant at huge daily maintenance expense, the vessel's protracted berthing at

Ningbo port will pose safety threats to the operation of the port, and the applicant for auction by the Defendant F ELEPHANT CORPORATION accords with Article 30 of the PRC Supreme People's Court Interpretation on Various Issues on the Application of the PRC Maritime Special Procedural Law which reads " [i]f a maritime claimant who applies for the arrest of vessel does not apply for the auction of the vessel under arrest after the starting of legal action or commencement of arbitration, the maritime court may auction the vessel at the application of the defendant". In view of the above, the application for the auction of the vessel by the Defendant F ELEPHANT CORPORATION has been lodged in accordance with the provisions of law and should be approved. Pursuant to Article 30 of the PRC Maritime Special Procedural Law and Article 30 of the PRC Supreme People's Court Interpretation on Various Issues on the Application of the PRC Maritime Special Procedural Law, it is hereby ordered:-

I. M/V "F ELEPHANT" flying Liberian flag which is berthed at Ningbo port be sold by auction;

II. All the proceeds from the auction of the vessel, after making payment of the expenses incurred for the arrest and auction of the vessel, shall be deposited with the designated bank account of the Ningbo Maritime Court.

If any party is dissatisfied with this Order, (a litigant) may submit an application for reconsideration before this Court within 5 days of the receipt of this Order, with the enforcement of this Order suspended during the period of reconsideration.

**Presiding Judge:** Zheng Juhong

**Judge**: Hu Jiaqiang

**Judge:** Chen Xiaoming

29 March 2013

(*Official sea of the Ningbo Maritime Court*)

**Clerk:** Hu Ying

*Clyde & Co's Translation*

**Appendix: Legal Provisions relevant to this Order**

**PRC Maritime Special Procedural Law**

**Article 30** A maritime court shall conduct examination after receiving the application for auction of a ship, and make an order approving or disapproving the auction of the ship.

If a party is not satisfied with the order, it may apply for reconsideration for one time within five days of the date of receiving the written order. The maritime court shall make a reconsideration decision within five days of receiving the reconsideration application. Enforcement of the order shall be suspended during the time of reconsideration.

**The PRC Supreme People's Court Interpretation on Various Issues on the Application of the PRC Maritime Special Procedural Law**

**Article 30** If a maritime claimant who applies for the arrest of vessel does not apply for the auction of the vessel under arrest after the starting of legal action or commencement of arbitration, the maritime court may auction the vessel at the application of the respondent. The proceeds from the sale of the vessel shall be deposited with the maritime court.

**<u>Exhibit 2</u>**

*Clyde & Co English Translation*

**PUBLIC NOTICE**

**OF THE NINGBO MARITIME COURT**

**OF THE PEOPLE'S REPUBLIC OF CHINA**

**(2013)Y.H.F.S.C.Z.No.245**

This Court accepted the case arising from the ship mortgage contract between the Claimant BHP BILLITON MARKETING AG and the Defendant F ELEPHANT CORPORATION on 11 June 2012 and has taken maritime claim preservation measures by arresting the Liberian vessel M/V "F ELEPHANT" owned by the Defendant. Since the Defendant is now on the verge of insolvency and cannot afford the daily consumption of fuels and other maintenance expenses for M/V "F ELEPHANT", this Court issued Civil Order (2013)Y.H.F.S.C.Z.No.245-1 on 29 March 2013 whereby it was ordered that the Vessel be sold by auction. Matters in relation to the auction are hereby announced as follows:-

1. An Auction Committee for M/V "F ELEPHANT" is to be formed and it is decided that a public auction of the Vessel will be held at 15:30 on 6 May 2013 in the Ningbo Maritime Court.

2. Ship particulars: built in 1989 in Korea; dry bulk carrier; LOA: 322.00m; Moulded Breadth: 56.00m; Moulded Depth: 29.50m; GT: 147,374MT; Engine Power: 18,269KW.

3. Anyone intending to bid for the Vessel may submit its application in writing to the Auction Committee prior to 12:00 on 6 May 2013 (Address: Ningbo Maritime Court, 801 Zhongxing Rd, Jiangdong District, Ningbo City; Attn: Hu Ying; Tel: 0574-8788 8762);

4. The display of the Vessel is up to 30 April 2013 and, subject to payment of a fee, the Auction Committee will provide relevant materials of the Vessel. Observations on board are available subject to approval.

5. Any creditor in connection with the Vessel shall apply for registration of claims before this Court within 30 days of this public notice; failing which, it is deemed that the right of claim to the proceeds from the auction is waived. It is hereby announced.

1 April 2013

**<u>Exhibit 3</u>**

BRACEWELL
&GIULIANI

Texas
New York
Washington, DC
Connecticut
Seattle
Dubai
London

Marcy E. Kurtz
Partner

713.221.1206 Office
713.221.2125 Fax

marcy.kurtz@bgllp.com

Bracewell & Giuliani LLP
711 Louisiana Street
Suite 2300
Houston, Texas
77002-2770

June 20, 2013

BHP Billiton Marketing A.G.
10 Marina Boulevard
50-01 Marina Bay Financial Center, Tower 2
Singapore, 018983
Singapore
niels.wage@bhpbilliton.com
kunbi.sowunmi@bhpbilliton.com
lee.kirk@bhpbilliton.com
tim.baker@bhpbilliton.com

> Re:   Case No. 13-33740; F Elephant Corporation, *Debtor;* In the United States
> Bankruptcy Court, Southern District of Texas, Houston Division
>
> U.S. Chapter 11 Requirement to Stop Arrest and to Release the *M/V F
> Elephant*

Dear Sirs:

Bracewell & Giuliani represents F Elephant Corporation ("Debtor"), which filed a petition for relief in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Bankruptcy Court"), pursuant to chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") on June 20, 2013 (the "Petition Date"). A copy of that petition is attached for your information.

This letter is a formal demand that BHP Billiton Marketing A.G. ("BHP") immediately cease prosecution of the admiralty action currently pending in the Jingbo Maritime Court of the Republic of China (the "Proceeding") and any and all other actions relating to the arrest or seizure of the *M/V F Elephant* (IMO No. 8618841) (the "*F Elephant*").

This demand is made pursuant to section 362 of the Bankruptcy Code, which, as of the Petition Date, imposed an "automatic stay" that prohibits BHP from taking any action against the *F Elephant* in contravention of the Debtor's chapter 11 reorganization efforts. Further, the automatic stay vests jurisdiction over the *F Elephant* with the Bankruptcy Court. BHP's failure or refusal to adhere to the demands made herein, would constitute a violation of the automatic stay.



BHP Billiton Marketing A.G.
June 20, 2013
Page 2

        In addition to ceasing all efforts to sell the *F Elephant*, you are required to take all actions reasonable and necessary to release or cause the release of the *F Elephant* from the custody of the admiralty marshal and redeliver it to the Debtor or its nominee.  This demand is made in accordance with, among other things, section 542 of the Bankruptcy Code, which requires third parties in the possession, custody, or control of the Debtor's property to immediately turnover that property, regardless of its location.

        Please be advised that we have filed the attached adversary proceeding complaint as part of the referenced bankruptcy case, naming BHP as a defendant.  We intend to ask the Bankruptcy Court for a temporary restraining order against BHP, and other appropriate legal or equitable relief, on Monday morning, June 24, 2013 or as soon thereafter as the Bankruptcy Court will hear us, unless prior to that time you contact me in writing at the address provided above and advise us of your intent to immediately comply with this demand for voluntary compliance with the mandates of the turnover provisions of section 542 and the automatic stay requirements of section 362.  The adversary proceeding seeks turnover, damages, costs, fees and other legal and equitable relief.  With your timely written confirmation of voluntary compliance, we will take appropriate action to stay the adversary proceeding pending your formal release of the *F Elephant*.

        Given the immediate and substantial effects of the Chapter 11 automatic stay on your actions, we strongly encourage you to consult your own legal counsel to ensure that you fully understand your rights and responsibilities.

        Thank you for giving this matter your immediate attention.  If you have any questions, please do not hesitate to contact me.

                                    Sincerely,

                                    Bracewell & Giuliani LLP

                                    Marcy E. Kurtz

cc:     Evan D. Flaschen, Esq.
        Robert G. Burns, Esq.
        Bracewell & Giuliani LLP

B1 (Official Form 1) (04/13)

| UNITED STATES BANKRUPTCY COURT<br>Southern District of Texas | VOLUNTARY PETITION |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>F Elephant Corporation | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all): | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all): |
| Street Address of Debtor (No. and Street, City, and State):<br>80 Broad Street<br>Monrovia, Liberia                                ZIP CODE | Street Address of Joint Debtor (No. and Street, City, and State):                                ZIP CODE |
| County of Residence or of the Principal Place of Business: | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):                                ZIP CODE | Mailing Address of Joint Debtor (if different from street address):                                ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):                                ZIP CODE | |

| Type of Debtor<br>(Form of Organization)<br>(Check one box.) | Nature of Business<br>(Check one box.) | Chapter of Bankruptcy Code Under Which<br>the Petition is Filed (Check one box.) |
|---|---|---|
| ☐ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>☑ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities, check<br>this box and state type of entity below.) | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined in<br>11 U.S.C. § 101(51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☑ Other | ☐ Chapter 7          ☐ Chapter 15 Petition for<br>☐ Chapter 9          Recognition of a Foreign<br>☑ Chapter 11         Main Proceeding<br>☐ Chapter 12         ☐ Chapter 15 Petition for<br>☐ Chapter 13          Recognition of a Foreign<br>                         Nonmain Proceeding |

| Chapter 15 Debtors<br>Country of debtor's center of main interests:<br><br>Each country in which a foreign proceeding by, regarding, or<br>against debtor is pending: | Tax-Exempt Entity<br>(Check box, if applicable.)<br><br>☐ Debtor is a tax-exempt organization<br>under title 26 of the United States<br>Code (the Internal Revenue Code). | Nature of Debts<br>(Check one box.)<br>☐ Debts are primarily consumer          ☒ Debts are<br>debts, defined in 11 U.S.C.               primarily<br>§ 101(8) as "incurred by an               business debts.<br>individual primarily for a<br>personal, family, or<br>household purpose." |
|---|---|---|

| Filing Fee (Check one box.)<br><br>☑ Full Filing Fee attached.<br><br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach<br>signed application for the court's consideration certifying that the debtor is<br>unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br><br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must<br>attach signed application for the court's consideration. See Official Form 3B. | Check one box:<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☑ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>Check if:<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to<br>insiders or affiliates) are less than $2,490,925 *(amount subject to adjustment<br>on 4/01/16 and every three years thereafter).*<br>- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -<br>Check all applicable boxes:<br>☐ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one or more classes<br>of creditors, in accordance with 11 U.S.C. § 1126(b). |
|---|---|

| Statistical/Administrative Information<br>☐ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for<br>distribution to unsecured creditors. | THIS SPACE IS FOR<br>COURT USE ONLY |
|---|---|

Estimated Number of Creditors

| ☑ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-<br>5,000 | 5,001-<br>10,000 | 10,001-<br>25,000 | 25,001-<br>50,000 | 50,001-<br>100,000 | Over<br>100,000 |

Estimated Assets

| ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001<br>to $1<br>million | $1,000,001<br>to $10<br>million | $10,000,001<br>to $50<br>million | $50,000,001<br>to $100<br>million | $100,000,001<br>to $500<br>million | $500,000,001<br>to $1 billion | More than<br>$1 billion |

Estimated Liabilities

| ☐ | ☐ | ☐ | ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001<br>to $1<br>million | $1,000,001<br>to $10<br>million | $10,000,001<br>to $50<br>million | $50,000,001<br>to $100<br>million | $100,000,001<br>to $500<br>million | $500,000,001<br>to $1 billion | More than<br>$1 billion |

B 1 (Official Form 1) (04/13)

Page 2

| Voluntary Petition<br>*(This page must be completed and filed in every case.)* | Name of Debtor(s):<br>F Elephant Corporation |
|---|---|

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.) | | |
|---|---|---|
| Location<br>Where Filed: None | Case Number: | Date Filed: |
| Location<br>Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet.) | | |
|---|---|---|
| Name of Debtor: None | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| **Exhibit A**<br>(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>☐   Exhibit A is attached and made a part of this petition. | **Exhibit B**<br>(To be completed if debtor is an individual whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b).<br><br>X _____<br>    Signature of Attorney for Debtor(s)      (Date) |
|---|---|

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐   Yes, and Exhibit C is attached and made a part of this petition.

☑   No.

---

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐   Exhibit D, completed and signed by the debtor, is attached and made a part of this petition.

If this is a joint petition:

☐   Exhibit D, also completed and signed by the joint debtor, is attached and made a part of this petition.

---

**Information Regarding the Debtor - Venue**
(Check any applicable box.)

☑   Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☑   There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐   Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

---

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐   Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐   Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐   Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐   Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

B1 (Official Form 1) (04/13)                                                                                                          Page 3

| Voluntary Petition<br>*(This page must be completed and filed in every case.)* | Name of Debtor(s):<br>F Elephant Corporation |
|---|---|

### Signatures

| Signature(s) of Debtor(s) (Individual/Joint) | Signature of a Foreign Representative |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct.<br><br>[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.<br><br>[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).<br><br>I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X _____<br>    Signature of Debtor<br><br>X _____<br>    Signature of Joint Debtor<br><br>_____<br>Telephone Number (if not represented by attorney)<br><br>_____<br>Date | I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.<br><br>(Check only one box.)<br><br>☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.<br><br>☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.<br><br>X _____<br>    (Signature of Foreign Representative)<br><br>_____<br>(Printed Name of Foreign Representative)<br><br>_____<br>Date |

| Signature of Attorney* | Signature of Non-Attorney Bankruptcy Petition Preparer |
|---|---|
| X  /s/ William S. (Trey) Wood, III<br>    Signature of Attorney for Debtor(s)<br>    William A. (Trey) Wood, III<br>    Printed Name of Attorney for Debtor(s)<br>    Bracewell & Giuliani LLP<br>    Firm Name<br>    711 Louisiana Street, Suite 2300<br>    Houston, TX 77002-2770<br>    Address<br>    Tel: 713-223-2300; Fax: 713-221-1212<br>    Telephone Number<br>    June 17, 2013<br>    Date<br><br>*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect. | I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.<br><br>_____<br>Printed Name and title, if any, of Bankruptcy Petition Preparer<br><br>_____<br>Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.) |

| Signature of Debtor (Corporation/Partnership) | |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.<br><br>The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X _[signature]_____<br>    Signature of Authorized Individual<br>    Hsin Chi Su<br>    Printed Name of Authorized Individual<br>    President<br>    Title of Authorized Individual<br>    June 17, 2013<br>    Date | _____<br>Address<br><br>X _____<br>    Signature<br><br>_____<br>Date<br><br>Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.<br><br>Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.<br><br>If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.<br><br>*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.* |

## ADDENDUM TO CHAPTER 11 PETITION FOR TMT ENTITIES

### PENDING BANKRUPTCY CASES FILED BY ANY
### PARTNER OR AFFILIATE OF THIS DEBTOR

On the date hereof, each of the affiliated entities listed below (including the Debtor in this chapter 11 case) filed a voluntary petition for relief under chapter 11 of Title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of Texas (the "Court"). A motion has been filed or shortly will be filed with the Court requesting that the chapter 11 cases of the entities be consolidated for procedural purposes only and jointly administered.

1. A Whale Corporation
2. B Whale Corporation
3. C Whale Corporation
4. D Whale Corporation
5. E Whale Corporation
6. G Whale Corporation
7. H Whale Corporation
8. A Duckling Corporation
9. F Elephant Corporation
10. F Elephant Inc.
11. A Ladybug Corporation
12. C Ladybug Corporation
13. D Ladybug Corporation
14. A Handy Corporation
15. B Handy Corporation
16. C Handy Corporation
17. B Max Corporation
18. New Flagship Investment Co., Ltd
19. RoRo Line Corporation
20. Ugly Duckling Holding Corporation
21. Great Elephant Corporation
22. TMT Procurement Corporation
23. TMT USA Shipmanagement LLC

#4313391

**Written Consent**
**of the Sole Director**
**of F Elephant Corporation.**
**15th June 2013**

The undersigned, being the sole director (the "Sole Director") of F Elephant Corporation, a corporation organized under the laws of the Republic of Liberia (the "Company"), in lieu of holding a special meeting, and pursuant to its applicable constitutional documents and the laws of the Republic of Liberia, HEREBY ADOPTS the following resolutions by written consent and authorizes the actions described herein to be taken by the Company, effective as of the date set forth above, and such resolutions shall have the same force and effect as though taken and adopted at a duly convened meeting of the Sole Director:

WHEREAS, due to current market conditions, the financial position of the Company and its subsidiaries has deteriorated, leading to immediate difficulties for the Company and its subsidiaries;

WHEREAS, the Sole Director has carefully considered all interests which could be relevant for the Company and its subsidiaries in respect of the resolutions contained herein, taking into account all relevant facts and circumstances;

NOW, THEREFORE, be it:

RESOLVED, that in the judgment of the Sole Director, it is desirable and in the best interests of the Company, its subsidiaries and other interested parties that the Company and each of its subsidiaries file a petition for relief and commence a case (the "Chapter 11 Case") under the provisions of Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"); and further

RESOLVED, that each of the officers of the Company and each other person designated by the Sole Director (each such officer or person being an "Authorized Representative" and all being the "Authorized Representatives") and any of them be, and hereby is, authorized and empowered, in the name and on behalf of the Company and each of its subsidiaries to execute and verify a petition to commence the Chapter 11 Case in a court of competent jurisdiction in the United States and to cause the same to be filed in any district and venue as the Authorized Representative executing such petition on behalf of the Company and each of its subsidiaries shall determine; and further

RESOLVED, that each of the Authorized Representatives and any of them be, and hereby is, authorized and directed to retain, in the name and on behalf of the Company and each of its subsidiaries, the law firm of Bracewell & Giuliani, LLP to render legal services to, and to represent the Company and each of its subsidiaries in, and in connection with, the Chapter 11 Case or any other case under the Bankruptcy Code, and any other related matter in connection therewith, on such terms as such Authorized Representatives shall approve, such approval to be evidenced by their retention of such firm; and further

#4315300.2

**RESOLVED**, that each of the Authorized Representatives and any of them be, and hereby is, authorized and empowered in the name and on behalf of the Company and each of its subsidiaries to execute and file all petitions, statements, schedules, motions, lists, applications, pleadings, plans and other papers in the Chapter 11 Case and, in connection therewith, to employ, retain and obtain assistance from other legal counsel, accountants, financial advisors or other professionals or advisors which they deem necessary, proper or desirable in connection with the Chapter 11 Case; and further

**RESOLVED**, that each of the Authorized Representatives and any of them be, and hereby is, authorized and empowered, in the name and on behalf of the Company and each of its subsidiaries, to negotiate, execute, deliver, certify, file and/or record and perform (or to cause the negotiation, execution, delivery, certification, filing and/or recordation and performance on behalf of the Company and each of its subsidiaries of) such agreements, instruments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities, certificates or other documents, and any amendments or supplements thereto, and to take such other action, pay all fees and expenses, and do or cause to be done all such further acts and things as in the discretion of such Authorized Representative appear to be or become necessary, proper or desirable in connection with the Chapter 11 Case or the other matters contemplated by these resolutions; to wind-down operations; to collect assets; to determine and satisfy claims; to effectuate any changes to organizational form, structure, and ownership consistent with the foregoing resolutions; and to carry out and put into effect the purposes of the foregoing resolutions and the actions contemplated by these resolutions; the authority of any of the Authorized Representatives with respect thereto to be evidenced by the taking of such action; and further

**RESOLVED**, that any and all past actions heretofore taken by any Authorized Representative or the Sole Director in the name, or on behalf, of the Company and its subsidiaries in furtherance of any of the actions authorized or contemplated by any or all of the preceding resolutions be, and the same hereby are, ratified, confirmed and approved.

**IN WITNESS WHEREOF**, the undersigned has executed this Written Consent of the Sole Director of F Elephant Corporation as of the date first written above.

By: _____

Name: Hsin Chi Su
Title: Director

-2-

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| In Re: | § | |
| | § | |
| **F ELEPHANT CORPORATION** | § | Case No. [13-          ] |
| | § | |
| | § | |
| **Debtor.** | § | **Chapter 11** |

## F ELEPHANT CORPORATION'S STATEMENT PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 1007(A)(1)

F Elephant Corporation, for its statement pursuant to Fed. R. Bankr. P. 1007(a)(1) respectfully represents that the following entities own, directly or indirectly, 10% or more of a class of F Elephant Corporation's equity interests:

| Owner | Interest |
|---|---|
| Hsin Chi Su | 100% Common Stock |

Respectfully submitted,

**BRACEWELL & GIULIANI LLP**

By:  */s/ William A. (Trey) Wood III*
William A. (Trey) Wood III
Texas Bar No. 21916050
Trey.Wood@bgllp.com
Jason G. Cohen
Texas Bar No. 24050435
Jason.Cohen@bgllp.com
711 Louisiana, Suite 2300
Houston, Texas 77002
Telephone:  (713) 223-2300
Facsimile:  (713) 221-1212

-and-

#4314859.1

Evan Flaschen
(*Pro hac vice* admission requested)
Evan.Flaschen@bgllp.com
Goodwin Square
225 Asylum Street, Suite 2600
Hartford, CT 06103
Telephone: (860) 947-9000
Facsimile:  (860) 246-3201

-and-

Robert G. Burns
(*Pro hac vice* admission requested)
Robert.Burns@bgllp.com
1251 Avenue of Americas, 49th Floor
New York, New York  10020-1104
Telephone: (212) 508-6100
Facsimile: (800) 404-3970

**PROPOSED ATTORNEYS FOR THE
DEBTOR**

#4314859.1

**<u>Exhibit 4</u>**

### Corporate Records & Business Registrations

#### Source Information

| | |
|---|---|
| **This Record Last Updated:** | 06/16/2013 |
| **Database Last Updated:** | 06/22/2013 |
| **Update Frequency:** | DAILY |
| **Current Date:** | 06/22/2013 |
| **Source:** | AS REPORTED BY THE SECRETARY OF STATE OR OTHER OFFICIAL SOURCE |

#### Company Information

| | |
|---|---|
| **Name:** | **TMT USA** SHIPMANAGEMENT LLC |
| **Address:** | 800 BRAZOS ST STE 400 |
| | AUSTIN, TX 78701-2548 |
| | USA |

#### Filing Information

| | |
|---|---|
| **Filing Number:** | 801798157 |
| **Filing Date:** | 06/07/2013 |
| **State of Incorporation:** | TEXAS |
| **Duration:** | PERPETUAL |
| **Status:** | IN EXISTENCE |
| **Business Type:** | DOMESTIC LIMITED LIABILITY COMPANY (LLC) |
| **State Tax ID:** | 32051195553 |
| **Where Filed:** | SECRETARY OF STATE |
| | 1019 BRAZOS ST |
| | AUSTIN, TX 78701 |

### Registered Agent Information

**Name:**                                CAPITOL CORPORATE SERVICES, INC.

**Address:**                             800 BRAZOS, SUITE 400
                                         AUSTIN, TX 78701
                                         USA

### Name Information

**LegalName:**                           **TMT USA** SHIPMANAGEMENT LLC

**Status:**                              IN USE

**Filing date:**                         06/07/2013

### Principal Information

**Name:**                                ESTIMAR MARINE S.A.

**Title:**                               MEMBER

**Address:**                             SALDUBA BLDG, TOP FLOOR53RD EAST STREET, URBAN-
                                         IZACION OBARRIO, POB 7284
                                         PANAMA, PAN
                                         PAN

**Name:**                                MOMMY MANAGEMENT CORP.

**Title:**                               MEMBER

**Address:**                             SALDUBA BLDG, TOP FLOOR53RD EAST STREET, URBAN-
                                         IZACION OBARRIO, POB 7284
                                         PANAMA, PAN
                                         PAN

### Amendment Information

**Amendments:**                          06/07/2013 CERTIFICATE OF FORMATION; DOCUMENT
                                         NUMBER - 484628600002

The preceding public record data is for information purposes only and is not the official record. Certified copies can
only be obtained from the official source.

The public record items reported above may have been paid, terminated, vacated or released prior to today's date.

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

**<u>Exhibit 5</u>**

| **TradeWinds** | Web Edition | 21 June 2013 |

# TMT in Chapter 11

### Several companies in the umbrella of Nobu Su-led Today Makes Tomorrow (TMT) have filed for Chapter 11 bankruptcy protection in Houston



*TMT chairman Nobu Su*

The Taiwanese shipowner said 23 company entities submitted the filing as part of a "major overhaul" of the company that began three months ago.

"I accept full responsibility for the problems TMT now faces but I am working 18 hours a day to ensure that this major asset for Taiwan's national economic and global business reputation is not brought down because of adverse circumstances beyond my control," said Nobu Su.

The bankruptcy filing comes amid a flurry of bank foreclosures on TMT vessels in recent weeks.

"I want my ships on the high seas earning money to pay off my loans but bank actions contribute to delaying a successful restructuring of the shipping side of the business," Nobu Su said.

The shipping tycoon believes Chapter 11 will facilitate TMT's restructuring and will help bring the TMT companies back to long-term financial health, the company said.

Nobu Su said that TMT has enjoyed considerable success over the last 10 years.

"However, in the last three years, initiated by the economic downturn a combination of factors has required some of our companies to file for Chapter 11 – the critical factor being the maturity of our credit facilities with our major lenders which has created a short term liquidity problem."

The company said that court administration under US bankruptcy law will mean that it does not have to pay all its debts for a time that will allow it to generate revenue in the restructuring company.

"In the case of the TMT ships it means the US court now oversees the restructuring process in order to avoid an abrupt closure," said the company. "Courts encourage both the affected firm

and its creditors to come to an agreement to find amicable solutions to the different needs of the creditors and the company."

The bankruptcy filing comes amid mediation involving lenders and Taiwanese authorities.

According to court filings, the entities filing for bankruptcy include owners of 17 ships with 3.2 million dwt. The fleet is made up of eight VLCCs, one capesize bulker, one very large ore carrier, three car carriers, three handysize bulkers and one kamsarmax. Also named were New Flagship Investment, RoRo Line Corp, Ugly Duckling Holding Corp, Great Elephant Corp, TMT Procurement and TMT USA Shipmanagement.

TMT's advisors are restructuring firm Alix Partners and law firm Bracewell & Giuliani.

TMT did not list details of its debts or assets, and it did not name its top creditors.

**<u>Exhibit 6</u>**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | Chapter 11 |
| | § | |
| TMT USA SHIPMANAGEMENT LLC, | § | Case No. 13-33740 |
| *et al.*,[1] | § | |
| | § | |
| DEBTORS. | § | (Joint Administration Requested) |

| | | |
|---|---|---|
| C WHALE CORP., | § | |
| E WHALE CORPORATION, | § | |
| F ELEPHANT CORPORATION, | § | |
| F ELEPHANT INC., | § | |
| B HANDY CORPORATION, | § | |
| C HANDY CORPORATION, | § | |
| C LADYBUG CORPORATION, AND | § | |
| A DUCKLING CORPORATION | § | |
| | § | |
| Plaintiffs, | § | |
| v. | § | Adversary No. 13-3141 |
| | § | |
| ACTIVE TANKERS SHIPMANAGEMENT | § | |
| S.A.; ALSTOM, INC.; BHP BILLITON | § | |
| MARKETING A.G.; CATHAY UNITED | § | |
| BANK; CHANG HWA BANK, LTD.; HUA | § | |
| NAN COMMERCIAL BANK, LTD.; KPI | § | |
| BRIDGE OIL LIMITED; MEGA | § | |
| INTERNATIONAL COMMERCIAL | § | |
| BANK CO., LTD.; SHANGHAI | § | |
| COMMERCIAL & SAVINGS BANK; SDV | § | |
| GEIS GMBH; XIAMEN HAILONG | § | |
| MANNING SERVICE CO., LTD.; | § | |
| ZHEJIANG EASTERN SHIPYARD CO., | § | |
| LTD. | § | |
| Defendants. | § | |

## ORDER DENYING TEMPORARY RESTRAINING ORDER WITH
## PREJUDCE WITH RESPECT TO BHP BILLITON MARKETING A.G.

---

[1] The Debtors in these chapter 11 cases are: (1) A Whale Corporation, (2) B Whale Corporation, (3) C Whale Corporation, (4) D Whale Corporation, (5) E Whale Corporation, (6) G Whale Corporation, (7) H Whale Corporation, (8) A Duckling Corporation, (9) F Elephant Corporation, (10) F Elephant Inc., (11) A Ladybug Corporation, (12) C Ladybug Corporation, (13) D Ladybug Corporation, (14) A Handy Corporation, (15) B Handy Corporation, (16) C Handy Corporation, (17) B Max Corporation, (18) New Flagship Investment Co., Ltd, (19) RoRo Line Corporation, (20) Ugly Duckling Holding Corporation, (21) Great Elephant Corporation, (22) TMT Procurement Corporation, and (23) TMT USA Shipmanagement LLC.

Upon the Amended Complaint to Compel Turnover and for Temporary and Permanent Relief (the "**TRO Application**") filed by C Whale Corporation, E Whale Corporation, F Elephant Inc., F Elephant Corporation, B Handy Corporation, C Handy Corporation, C Ladybug Corporation, and A Duckling Corporation; and upon the Limited Response to the TRO Application filed by BHP Billiton Marketing A.G. ("**BMAG**"); and a hearing having been held on June 24, 2013 (the **"Hearing"**) to consider the relief requested in the TRO Application; and upon the record of the Hearing, and all of the proceedings before the Court; and after due deliberation, it is

ORDERED that, for the reasons set forth on the record at the Hearing, the TRO Application is denied with prejudice with respect to BMAG.

SIGNED on June ___, 2013.

_____
HONORBLE MARVIN ISGUR
UNITEDSTATES BANKRUPTCY JUDGE

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was duly served on all known counsel of record by means of certified mail, return receipt requested and/or electronic mail on June 24, 2013.

*/s/ Rene Olvera*
Rene Olvera